FILED
CLERK OF COURT

2026 MAY 14 PM 12: 28

SUPERIOR COURT
OF GUAM SMA

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Criminal Case No. CM0078-21 |
| | GPD Report No. 21-07984 |
| v. | |
| | |
| ROGER MARIS TOWAI | DECISION AND ORDER |
| (*aka* ROGER MARIS TOWAI, JR.), | REVOKING |
| DOB: 01/07/1996 or 01/09/1996 | DEFENDANT'S PROBATION |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 27, 2026 for a Revocation Hearing in the above-captioned matter related to Roger Maris Towai's (*aka* Roger Maris Towai, Jr.'s) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Tyler Scott. The People of Guam were represented by Assistant Attorney General Lucas Wood. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On October 11, 2021, Defendant entered a deferred plea of guilty to Family Violence (as a Misdemeanor). See Order After Hearing (Oct. 26, 2021). An Order After Hearing was entered imposing the following relevant conditions of probation:

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.
- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Revoking Defendant's Probation
CM0078-21, *People of Guam v. Roger Maris Towai*
Page 1 of 5

- **COUNSELING/TREATMENT:** Defendant shall report to the Adult Probation Office for an intake and a drug and alcohol assessment. If referred to the Guam Behavioral Health and Wellness Center (GBWHC), Defendant shall follow all treatment plans as may be recommended by the drug and alcohol assessment counselor.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of one thousand dollars ($1,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

Id.

On December 1, 2021, Defendant disobeyed this Court's orders by failing to appear at a required Further Proceedings hearing, despite being summonsed. See Minute Entry (Dec. 1, 2021); Summons (Nov. 12, 2021).

On December 6, 2021, a Violation Report was filed indicating that Defendant was arrested and indicted on charges of Terrorizing (as a 3rd Degree Felony), Family Violence (as a Misdemeanor), and four counts of Violation of a Court Order (as a Misdemeanor) in CF0616-21. See Violation Report (Dec. 6, 2021). Defendant would ultimately be convicted of Family Violence (as a Misdemeanor) and two counts of Violation of a Court Order (as a Misdemeanor). See CF0616-21 Judgment of Conviction (Mar. 30, 2022).

On December 27, 2022, another Violation Report was filed indicating that Defendant was again arrested and indicted on new criminal charges. See Violation Report (Dec. 27, 2022). This time, Defendant was indicted on charges of Criminal Mischief (as a 3rd Degree Felony) in CF0707-22, and would ultimately be convicted of said offense. See CF0707-22 Indictment (Dec. 12, 2022); CF0707-22 Judgment of Conviction (Apr. 12, 2023).

Decision and Order Revoking Defendant's Probation
CM0078-21, *People of Guam v. Roger Maris Towai*
Page 2 of 5

On July 25, 2023, another Violation Report was filed indicating that Defendant was again arrested and indicted on new criminal charges. See Violation Report (Jul. 25, 2023). This time, Defendant was indicted on charges of Terrorizing (as a 3rd Degree Felony) and Criminal Mischief (as a 3rd Degree Felony) in CF0392-23. See Violation Report (Jul. 25, 2023).

On January 15, 2026, another Violation Report was filed indicating that Defendant failed to report to both GBHWC and CSFC for his initial intake and drug/alcohol assessments. See Violation Report (Jan. 15, 2026). It was also reported that Defendant hadn't made any progress on paying off his fine or court costs. Id.

On February 12, 2026, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Feb. 12, 2026).

On March 27, 2026, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Mar. 27, 2026).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

Decision and Order Revoking Defendant's Probation
CM0078-21, *People of Guam v. Roger Maris Towai*
Page 3 of 5

*See People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has been convicted of numerous criminal offenses, including Family Violence (as a Misdemeanor) and two counts of Violation of a Court Order (as a Misdemeanor) in CF0616-21, and Criminal Mischief (as a 3rd Degree Felony) in CF0707-22. See CF0616-21 Judgment of Conviction (Mar. 30, 2022); CF0707-22 Judgment of Conviction (Apr. 12, 2023). Defendant also picked up additional criminal charges in CF0392-23, which is still in the pre-trial phase. See Violation Report (Jul. 25, 2023). Furthermore, Defendant has failed to make any progress on paying off his fine / court costs, and hasn't reported to GBHWC or CSFC for his initial intake/assessments. See Violation Report (Jan. 15, 2026).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Revoking Defendant's Probation
CM0078-21, *People of Guam v. Roger Maris Towai*
Page 4 of 5

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. These violations are serious in nature, as Defendant has been convicted of several criminal charges since entering probation. Defendant has repeatedly engaged in criminal behavior and has been convicted of multiple counts of violating this Court's orders.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of Defendant's sentence, the Court shall close the above-captioned case.

MAY 14 2025

**IT IS SO ORDERED** this _____

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Revoking Defendant's Probation
CM0078-21, *People of Guam v. Roger Maris Towai*
Page 5 of 5